# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **WELLEMENTS, LLC, an Arizona limited liability company, et. al,** )<br>)<br>**Plaintiffs,** )<br>)<br>v. )<br>)<br>**KAN-PAC, LLC, a Delaware limited liability company,** )<br>)<br>**Defendant.** )<br>) | **CIVIL ACTION**<br><br>**Case No. 08-2283 -CM** |

## MEMORANDUM AND ORDER

Plaintiffs[1] filed this diversity case in June 2008, asserting a breach of contract claim and several tort claims. Defendant moved to dismiss the case or stay it pending arbitration. Plaintiffs agreed to a stay, and the case proceeded to arbitration. On March 1, 2010, the arbitrator issued an award to one plaintiff. Defendant sought modification of the award from the arbitrator, and on April 7, 2010, the arbitrator issued a corrected and amended award to a different plaintiff, Detoxify, LLC, a California limited liability company ("Detoxify CA"). On April 16, 2010, plaintiffs filed Plaintiffs' Application for Confirmation of Arbitration Award (Doc. 38) with this court. Defendant objected. The application is now ripe for review.

Plaintiffs seek confirmation of the arbitration award pursuant to 9 U.S.C. § 9. Defendant's objection references Kansas arbitration law. Under the parties' contract, they agreed to binding arbitration pursuant to the Kansas Uniform Arbitration Act. But whether the court applies federal

---

[1] At the time of the case filing, Wellements, LLC, an Arizona limited liability company, was the only plaintiff. The other plaintiffs joined the case during arbitration. For ease of reference, however, the court will refer to "plaintiffs" in the plural form throughout this Memorandum and Order.

law or Kansas law to this case is immaterial; the governing law and the result are the same. The court therefore does not decide which law applies to this case. *Cf. Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 320 (10th Cir. 1997) (declining to decide whether to apply Colorado or federal law because the two were not materially different).

The standard for reviewing the decision of an arbitrator is well-settled. Under either federal or Kansas law, there are a limited number of reasons that the court can vacate an arbitrator's decision. *See* 9 U.S.C. § 10 (listing four grounds); Kan. Stat. Ann. § 5-412 (listing five grounds). Two of those reasons are where the arbitrator exceeded his or her powers, 9 U.S.C. § 10(a)(4); Kan. Stat. Ann. § 5-412(a)(3), and where he or she acted in manifest disregard of the law, *Sheldon v. Vermonty*, 269 F.3d 1202, 1206 (10th Cir. 2001) (citation omitted); *Griffith v. McGovern*, 141 P.3d 516, 521 (Kan. App. 2006). *But see Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, – S. Ct. –, 2010 WL 1655826, at *7 (Apr. 27, 2010) ("We do not decide whether 'manifest disregard' survives our decision in *Hall Street Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 585, 128 S. Ct. 1396, 170 L. Ed. 2d 254 (2008), as an independent ground for review or as a judicial gloss on the enumerated grounds for vacatur set forth at 9 U.S.C. § 10."). The Tenth Circuit has characterized the review standard for arbitration awards as "among the narrowest known to the law." *U.S. Energy Corp. v. Nukem, Inc.*, 400 F.3d 822, 830 (10th Cir. 2005) (quotation marks and citation omitted). "It is only when [an] arbitrator strays from interpretation and application of the agreement and effectively 'dispense[s] his own brand of industrial justice' that his decision may be unenforceable." *Stolt-Nielsen S.A.*, 2010 WL 1655826, at *7 (citations and additional quotation marks omitted).

Defendant asks the court to enter an order vacating the arbitration award issued April 7, 2010 for two reasons: (1) because the arbitrator issued an award to a party who lacked standing to pursue

a claim, the arbitrator exceeded his powers; and (2) the arbitrator showed a manifest disregard of the law in his decision. Both of defendant's arguments center on defendant's position that plaintiff Detoxify CA—the prevailing party—had no standing to recover damages on the contract between defendant and plaintiff Froid, LLC ("Froid"). Defendant claims that although plaintiff Froid purported to assign its contractual rights to plaintiff Detoxify CA, such assignment was ineffective to transfer the right to collect on the contract. (But defendant also maintains that plaintiff Froid's obligations under the contract did transfer to plaintiff Detoxify CA.) According to defendant, because this case involves the threshhold issue of standing, the court should reevaluate the arbitrator's standing determination on the merits. Defendant contends that this court should vacate the arbitrator's award because an arbitrator exceeds his or her powers when he or she grants damages to a party who lacks standing.

Defendant asks the court to scrutinize the arbitrator's decision much more closely than the law allows. The court believes that the rationale of the Seventh Circuit in a recent case accurately describes the role of an arbitrator in a determination of standing:

> [This] is the sense in which standing to arbitrate should be understood: is the petitioner a proper party to raise a particular claim in the arbitration? This explains why courts have not hesitated to hold that standing is a matter for the arbitrator to resolve, even though (as we note in a moment) arbitrability is usually an issue for the court. *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 557–58, 84 S. Ct. 909, 11 L. Ed. 2d 898 (1964); *Chi. Typographical Union No. 16 v. Chi. Sun-Times, Inc.*, 860 F.2d 1420, 1424 (7th Cir. 1988) ("Procedural issues, including the standing of a party to the arbitration, . . . are for the arbitrator, so long as the subject matter of the dispute is within the arbitration clause.") (emphasis omitted); *United Steelworkers of Am., AFL-CIO-CLC v. Smoke-Craft, Inc.*, 652 F.2d 1356, 1360 (9th Cir. 1981) ("Whether the Steelworkers had standing as a party to the arbitration to proceed with that arbitration, which had been properly commenced, was a procedural matter for the determination of the arbitrator."). SSI submitted the standing question to the arbitrator on its own initiative, and it was proper for the arbitrator to decide it. Focusing particularly on standing, the district court noted that "SSI's . . . objection to EBC's standing to enforce the arbitration clause relates to EBC's alleged breach of other contract provisions." Reiterating that this kind of issue is for the arbitrator, the

> court found that "[t]he arbitrator's conclusion . . . is thus subject to deferential review, which it easily survives."

*Envtl. Barrier Co., LLC v. Slurry Sys., Inc.*, 540 F.3d 598, 605–06 (7th Cir. 2008). Like the Seventh Circuit, this court determines that plaintiff Detoxify CA's standing to assert claims against defendant was an issue for the arbitrator to resolve. The issue is: Who is the proper party to collect on the contract? This court gives the arbitrator's decision that Detoxify CA is the proper party the same deference that it gives other decisions of the arbitrator, as set forth above.

The arbitrator in this case reviewed the issue of standing in a thorough order on a motion for summary judgment. After reviewing that order and the relevant law, this court concludes that the arbitrator did not exceed his power or show a manifest disregard for the law. To the contrary, the arbitrator carefully examined Kansas law in determining whether the contractual anti-assignment provision rendered plaintiff Detoxify CA an improper party to enforce the agreement. The arbitrator held separately that Detoxify CA is a successor of Froid and that Detoxify is a permitted assign of Froid. Either way, Detoxify CA had standing to pursue its breach of contract claims. The arbitrator based his decision on two Kansas cases—*Bolz v. State Farm Mut. Auto. Ins. Co.*, 52 P.3d 898 (Kan. 2002) and *Missouri Bank & Trust Co. v. Gas-Mart Dev. Co.*, 130 P.3d 128 (Kan. App. 2006)—as well as Restatement (Second) of Contracts § 322, which has been adopted by Kansas.

Whether the arbitrator's decision was correct or incorrect is not the question. An arbitrator may apply the law differently than the court might; an arbitrator just may not willfully or manifestly disregard the law. *See Local Joint Exec. Bd., Culinary Workers Union, Local 226 v. Riverboat Casino, Inc.*, 817 F.2d 524, 528 (9th Cir. 1987); *Stroh Container Co. v. Delphi Indus., Inc.*, 783 F.2d 743, 750 (8th Cir. 1986) (citing *Wilko v. Swan*, 346 U.S. 427, 436–37 (1953), *overruled on other grounds by Rodriquez de Quijas v. Shearson/Am. Express, Inc.*, 490 U.S. 477 (1989)) ("We have

been careful to distinguish[ ] an arbitrator's interpretation of the law, which is insulated from review, from an arbitrator's disregard of the law, which may open the door for judicial scrutiny."). The arbitrator in this case did not commit that error or otherwise exceed his powers.

**IT IS THEREFORE ORDERED** that Plaintiffs' Application for Confirmation of Arbitration Award (Doc. 38) is granted. The court will enter a separate order confirming the arbitration award.

Dated this 24th day of May 2010, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**